IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE VIAR-ROBINSON,<br>    Plaintiff,<br><br>        v.<br><br>DUDLEY'S BEAUTY SALON, *et al*,<br>    Defendants. | Civil Action No. 12-cv-01794-AW |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment by Defendants Dudley Beauty Salon ("Salon"), Alfred Dudley ("Dudley"), and Dudley Beauty Center & Spa ("Center & Spa").  Doc. No. 9.  The Court has reviewed the parties' motion papers and exhibits and concludes that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the reasons articulated below, Defendant's Motion will be GRANTED-IN-PART and DENIED-IN-PART.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint unless otherwise noted.  Plaintiff Joyce Viar-Robinson began working as a nail technician for Defendant Dudley Beauty Salon in February 2011.  Plaintiff was hired by Defendant Alfred Dudley, the manager of the Salon.  Dudley Beauty Salon is a registered trade name owned by Defendant Degreat, LLC ("Degreat").  Doc. No. 9-2, Ex. 1 ¶ 4–5.  Dudley is the sole and managing member of Degreat.  *Id.* ¶ 7.

Plaintiff and Dudley negotiated Plaintiff's initial compensation and terms of employment with the Salon.  Plaintiff alleges that during the next several months, Defendants failed to make

payments for her services and unilaterally changed the conditions of her employment by reducing her compensation.  Plaintiff repeatedly requested the basis for these changes, but Defendants never provided their policies or stated any procedures that justified the unilateral changes.

Plaintiff also learned during her employment that the Salon and Degreat were not properly registered to carry on business in the State of Maryland.  Plaintiff told Dudley she would seek any rights and remedies available to her under the law, and requested speaking with Joe Dudley, the owner of Dudley Beauty Center & Spa and Dudley's brother.  When Plaintiff reached Joe Dudley, he explained that her reduction in compensation was improper and stated that he would speak with his brother.  Plaintiff's subsequent attempts to reach Joe Dudley were unsuccessful.  Plaintiff alleges in her Complaint that the Center & Spa is the parent company of the Salon.  However, it is now undisputed that the Center & Spa has no ownership interest in the Salon or in Degreat, LLC.  *See* Doc. No. 9-2, Ex. 1 ¶ 8.

Plaintiff suffers from polio and has to wear leg braces, which makes maneuvering around corners difficult.  Plaintiff alleges that near the end of her period of employment with the Salon, her work station was moved from an open space where she could freely move around to a corner next to a door.  Plaintiff alleges that Dudley and the Salon were aware of her condition, but moved her work station in retaliation.  She also claims that as a result of this move Defendants destroyed or misplaced several items of Plaintiff's personal property and that she was never reimbursed.  In November 2011, Plaintiff was terminated by the Salon.

Plaintiff filed suit in this Court on June 18, 2012, against Dudley Beauty Salon, Alfred Dudley, Degreat, LLC, and Dudley Beauty Center & Spa.  Her Complaint consists of nine counts: (1) violation of the federal Fair Labor Standards Act ("FLSA"); (2) violation of the

Maryland Wage Payment and Collection Law ("MWPCL"); (3) breach of contract; (4) wrongful termination; (5) fraud; (6) fraudulent tender of checks with insufficient funds; (7–8) two separate counts of misrepresentation; and (9) conversion.[1]  Degreat, LLC answered on October 8, 2011, while Defendants Dudley, the Salon, and the Center & Spa moved to dismiss all claims against them.

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In resolving a motion to dismiss, the Court should proceed in two steps.  First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176

---

[1] Plaintiff does not bring every count against every Plaintiff.  For example, the Center & Spa is only charged with violations of the FLSA and MWPCL, breach of contract, wrongful termination, and conversion.

F.3d 776, 783 (4th Cir. 1999).  The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Twombly*, 550 U.S. at 545.

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence."  *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.  ANALYSIS

####   A.  Claims Against Dudley Beauty Salon

Dudley Beauty Salon is a registered trade name with the Maryland State Department of Assessment and Taxation ("SDAT") and is owned by Degreat, LLC.  *See* Doc. No. 9-2, Ex. 2.  The Fourth Circuit has held that trade names are not distinct legal entities capable of being sued.  *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635 n.2 (4th Cir. 2002); *see also Frison v. Ryan Homes*, No. AW-04-350, 2004 WL 3327904, at *3 (D. Md. Oct. 29, 2004) ("Trade names are not jural persons and cannot sue or be sued.").  Plaintiff argues that Dudley Beauty Salon should remain as a Defendant in this action because Plaintiff's claims accrued prior to Degreat's February 2012 registration of the trade name.  Plaintiff cites no legal authority in support of this position, however, and the Court finds no reason to depart from the well-settled rule that trade names are not capable of being sued.  The proper Defendant appears to be Degreat, the owner of the trade name, and Degreat remains a Defendant in this case.  Accordingly, Dudley Beauty Salon, and Plaintiff's claims against it, shall be dismissed.

####   B.  Claims Against Dudley Beauty Center & Spa

In her Complaint, Plaintiff states that she brought suit against Dudley Beauty Center & Spa "because it is the parent company of Dudley's Beauty Salon, and therefore responsible to ensure Dudley's Beauty Salon's compliance with state and federal laws."  Doc. No. 1 ¶ 13.  Plaintiff claims that when checks from the Salon did not clear, she and other employees would complain to the Center & Spa.  *Id.* ¶ 22.  When the conflicts between Plaintiff and the Salon escalated, Plaintiff states that she contacted Joe Dudley, the owner of the Center & Spa and Defendant Alfred Dudley's brother.  *Id.* ¶ 34.  Plaintiff spoke with Joe Dudley, who allegedly stated that her wage reduction was improper and that he would have a discussion with his

brother. *Id.* ¶ 35. Plaintiff made subsequent attempts to contact Joe Dudley, but he did not return her telephone calls. *Id.* ¶ 36. Plaintiff alleges that the Center & Spa is "heavily involved in the affairs of Dudley's Beauty Salon." *Id.* ¶ 54. Plaintiff also alleges that because the Center & Spa held itself out as the principal of the Salon it is vicariously liable for any agreements to which the Salon was a party.[2] *Id.* ¶¶ 68, 76. In her Opposition brief, Plaintiff insists that Joe Dudley "held his authority over defendant Alfred Dudley and Dudley Beauty Salon as that of a decision maker." Doc. No. 13 at 6. Plaintiff also cites Internet searches of Dudley Beauty Center that yielded references to the Salon. *See* Doc. No. 13-1, Exs. 4 and 5.

The Court concludes that Dudley Beauty Center & Spa is not a proper party to this action and is therefore entitled to judgment as a matter of law on the claims against it. It is undisputed that the Center & Spa is not the parent company of the Salon, that the Center & Spa has no ownership interest in Degreat or the Salon, and that Plaintiff did not enter into an employment contract with the Center & Spa. *See* Doc. No. 9-2, Exs. 1 and 2. Although Plaintiff pleads that she discussed her employment with Joe Dudley, who is not a party to this action, she does not explain how the Center & Spa exerted any control over her employment or played a specific role in any of her causes of action. Plaintiff has failed to present sworn affidavits or otherwise competent evidence to rebut the evidence presented in Defendants' Motion.[3]

Plaintiff maintains that it is "clear" that a relationship exists between the Center & Spa and the Salon, and that discovery is required to determine the extent of that relationship. *See* Doc. No. 13 at 6. Plaintiff did not file an affidavit pursuant to Rule 56(d) of the Federal Rules of

---

[2] The Complaint specifically alleged "[s]ince Defendant Spa held itself out to be a principal of Defendant Spa it is vicariously liable for any agreements Defendant Salon entered into." Doc. No. 1 ¶¶ 68, 76. The Court assumes this was scrivener's error and that Plaintiff intended to state that the Center & Spa held itself out as a principal of the Salon.

[3] The fact that Internet searches for the Center & Spa yield references to the Salon does not rebut Defendants' position that the Center & Spa has no ownership interest or relevant affiliations with the other Defendants. Furthermore, the Internet searches do not appear to be admissible as evidence. *See* Fed. R. Civ. P. 56(c)(2).

Civil Procedure specifying the reasons why she is unable to present facts essential to her opposition.  Plaintiff also failed in her Opposition to provide an adequate explanation as to why summary judgment is premature in this case.[4]  Plaintiff has not, for example, claimed that it will be able to show that the Center & Spa owned or operated the Salon or that the Center & Spa directly participated in the events giving rise to Plaintiff's causes of action.  *See Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006) ("A Rule 56[(d)] motion for additional discovery is properly denied when the additional evidence sought to be discovered would not create a genuine issue of material fact sufficient to defeat summary judgment.").  Accordingly, Dudley Beauty Center & Spa is entitled to judgment as a matter of law, and it will be dismissed from this case.  The Court is cognizant that this case remains in its early stages, however.  To the extent that discovery reveals a legitimate basis to conclude that the Center & Spa is a proper party to this action, the Court will consider a motion by Plaintiff that the Center & Spa be reinstated as a party.  The dismissal of Plaintiff's claims against the Center & Spa will therefore be without prejudice.

      C.     <u>Claims Against Alfred Dudley</u>

The Court concludes that it would be premature to dismiss all claims against Dudley at this stage of the proceedings.  Plaintiff pleads that Dudley was personally involved in hiring her, setting her compensation, tendering paychecks to her, and setting other conditions of her employment. Doc. No. 1 ¶¶ 14–43.  Plaintiff also pleads that Dudley and other Defendants terminated her employment with the Salon.  *Id.* ¶ 46.  Based on these allegations, Plaintiff's causes of action against Dudley in his individual capacity are adequately pled.

---

[4] The Fourth Circuit has held that providing notice to the court of the reasons why summary judgment is premature may serve as an adequate substitute for a Rule 56(d) affidavit.  *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–46 (4th Cir. 2002).

Defendants contend that Plaintiff's claims against Alfred Dudley should be dismissed because they are based on Plaintiff's mistaken belief that Dudley Beauty Salon and Degreat, LLC were not registered with Maryland SDAT. Defendants cite portions of Plaintiff's Complaint in which she alleged, "[s]ince Defendant Salon was not incorporated under Maryland law, Defendant Dudley is personally liable for any agreements that Defendant Salon enters into." Doc. No. 1 ¶¶ 67, 75. Defendants argue that Plaintiff fails to state a claim against Dudley in his individual capacity because Degreat, LLC and its trade name, Dudley Beauty Salon, were properly registered with SDAT. Doc. No. 9-2, Exs. 2 and 3. Defendants further argue that Plaintiff has failed to set forth any admissible evidence of how Dudley specifically defrauded Plaintiff or is otherwise liable to her in his individual capacity.

First, Defendants fail to explain how all of Plaintiff's causes of action against Dudley are dependent on her mistaken belief that the Degreat and Salon were not properly registered with SDAT. Second, there is a material factual dispute as to the timing of Degreat and Salon's registration with SDAT. SDAT registration forms indicate that Degreat was originally registered in November 2005, but that its registration was voided by the State of Maryland in June 2006. Doc. No. 13-1, Ex. 3. The events giving rise to Plaintiff's causes of action occurred in 2011, and Degreat appears to have renewed its registration with SDAT in February 2012. *See* Doc. No. 9, Exs. 2 and 3. Accordingly, it is plausible that Dudley in his individual capacity is the proper Defendant in this case. Plaintiff has also made a plausible showing that the corporate veil could be pierced. Accordingly, the Court will not grant judgment as a matter of law as to Plaintiff's claims against Dudley.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment, is GRANTED-IN-PART and DENIED-IN-PART. Defendants Dudley Beauty Salon and Dudley Beauty Center & Spa will be dismissed from this action.  Plaintiff's claims against the Salon will be dismissed with prejudice, while Plaintiff's claims against the Center & Spa will be dismissed without prejudice.  A separate Order will follow.


November 15, 2012                                                          /s/
    Date                                         Alexander Williams, Jr.
                                                    UNITED STATES DISTRICT JUDGE